

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

March 17, 2025

Via ECF

Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
Courtroom 11D
500 Pearl St.
New York, NY 10007-1312

    **Re:** *Madison Pacific Trust Limited v. Groza, et al.*, Case No. 1:25-cv-00642-PKC (SDNY)

Dear Judge Castel:

    I represent Petitioner Madison Pacific Trust Limited ("Madison Pacific") in the above captioned case.  I write regarding the Initial Pretrial Conference ("Conference") scheduled for March 24, 2025, and the Case Management Plan and joint letter to the Court to be submitted prior to the Conference (Dkt. No. 7).  For the reasons explained herein, Madison Pacific respectfully requests adjournment of the Conference currently scheduled for March 24, 2025, as well as the accompanying Case Management Plan and joint letter to the Court.  No previous request for an extension has been made.

    First, Madison Pacific has not yet served the Respondents, Sergiy Groza and Volodymyr Naumenko (together, the "Respondents") with its Petition to Confirm the Arbitral Award (Dkt. No. 1).[1]  As Respondents have not provided Madison Pacific with sufficient information to determine how to accomplish service through traditional means, Madison Pacific has been evaluating its options for service of its Petition to Confirm on the Respondents.  Madison Pacific intends to shortly file for the Court's consideration a Motion for an Order Directing Alternative Service.

    Second, Madison Pacific is seeking to confirm an arbitration award (Dkt. 1), and therefore respectfully submits that a Case Management Plan will not be necessary in this action.  Madison Pacific commenced the underlying arbitration against Respondents to obtain an award requiring Respondents to pay an overdue debt pursuant to suretyship deeds entered into between Madison Pacific and each of the Respondents (Dkt. 1; 4-2).  An arbitral tribunal under the auspices of the London Court of International Arbitration issued the Final Award (Dkt. 4-1), holding that each of the Respondents was liable to Madison Pacific for a total sum of $149,394,978.33 USD, in addition to fees and costs, and that the Respondents must pay that amount as debt due under, or alternatively as damages for breach of, the Parties' suretyship deeds.

    Madison Pacific has now brought its Petition to Confirm the Final Award in the Southern District of New York, pursuant to 9 U.S.C. § 207 (Dkt 1).  Section 6 of the Federal Arbitration Act provides that "any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions."  As Madison Pacific's Petition to Confirm will be heard before this Court as a motion in a summary proceeding, no Case Management Plan is needed in this case.  The traditional case management matters identified in the Court's standing Case Management Plan and

---

[1] As Respondents have not yet been served, their consent has not been obtained for this request for adjournment of the Conference.

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

- 2 -					March 17, 2025

ok

Scheduling Order, such as electing a jury trial, amending pleadings, initial disclosures, fact and expert discovery, pretrial submissions, and an estimation of a trial length, will not be applicable to this proceeding.

Given that Respondents have not yet been served in this case, and that traditional topics to be agreed upon in a Case Management Plan are not applicable in this case, [Madison Pacific respectfully requests adjournment of the Conference currently scheduled for March 24, 2025 and the accompanying Case Management Plan and joint letter to the court, until after the Respondents have been served.]

Respectfully submitted,

/s/ Samuel L. Zimmerman

Samuel L. Zimmerman
samuel.zimmerman@hoganlovells.com

Application GRANTED.  The initial pretrial conference will be held in person.  Conference is adjourned from March 24, 2025 to June 10, 2025 at 11:00 a.m. in Courtroom 11D, 500 Pearl Street, New York, N.Y.  SO ORDERED.
Dated:  3/19/2025

P. Kevin Castel
United States District Judge