UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In the Matter of the Arbitration Between

MADISON PACIFIC TRUST LIMITED,

                              Petitioner,

                                                              25-cv-642 (PKC)


            -against-                            OPINION AND ORDER


SERGIY GROZA and VOLODYMYR
NAUMENKO,

                      Respondents.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

            Madison Pacific Trust Limited ("Madison") petitions this Court pursuant to the

Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York

Convention") and the implementing law, chapter 2 of the Federal Arbitration Act ("FAA"), 9

U.S.C. §§ 201-208, to have this Court recognize and enforce a final arbitral award issued on

January 6, 2025 (the "Final Award") against Sergiy Groza and Volodymyr Naumenko (the

"Respondents"). The Final Award is 94 pages in length and was issued by a panel of three

arbitrators seated in London and selected under the rules of the London Court of International

Arbitration.

            Madison now seeks an order from this Court pursuant to Rule 4(f)(3), Fed. R. Civ.

P., permitting Madison to serve each Respondent via alternate means. (ECF 12.) For reasons to

be explained, the Court will grant the application.

FACTUAL BACKGROUND

The arbitration proceedings commenced on January 16, 2023 and concluded with the issuance of the Final Award on January 6, 2025. (ECF 4-1 at 29, 93.) Respondents were represented by Fortior Law S.A., a Swiss law firm, and for the purposes of the final hearing on the merits by Harris Bor of Twenty Essex Street, London. (Id. at 6.) "[T]he Respondents admitted that GNT Enterprises [the primary obligor] had failed to make the payments due under the Amended Facility Agreement but advanced a number of defences and counterclaims to the claims against the Respondents under the Amended Suretyship Deeds." (Id. at 32.) Respondents did not call any witnesses at the arbitration. (Id. at 43.) It suffices to note that the Final Award was in Madison's favor.

During the pendency of the arbitration, Madison brought proceedings in the High Court of Justice Business and Property Courts of England and Wales, Commercial Court (KBD), In re Arbitration Madison Pacific Trust Limited and Sergiy Mykolayovch Groza and Volodymyr Serhiyovch Naumenko, CL-2023-0005 (the "High Court Proceedings"). In the High Court Proceedings, successfully applied for "Worldwide Freezing Orders" that were issued on January 13, 2023. (ECF 14-1.)

In March of 2024, Respondents gave notice in the on-going High Court Proceedings that henceforth they would be self-represented. (ECF 14-3 at 9.) Respondents were required by rule to designate a physical address within the Court's jurisdiction and in a corrected notice designated an address in London of Fortior Law S.A, as well as email addresses for each Respondent. (Id.) A more recent copy of the "Notice of Change of Legal Representative," dated October 15, 2024, has been furnished to this Court, and it lists a London physical address for Fortior Law S.A. and the two email addresses, one for each Respondent. (ECF 14-2.)

On or about April 19, 2024 the High Court issued a Disclosure Order requiring the Respondents to provide certain information by May 13, 2024.  (ECF 14-3 at 11-12.)  When the Respondents did not respond to the Order, Madison made application to the High Court to find Respondents in contempt.  Counsel for Madison submitted an affidavit in which he explained the difficulties of serving process on Respondents:

> I am instructed that [Madison] does not know the current locations of either of the [Respondents]. Each [Respondent] has referred to an address in the usual way in evidence in these proceedings: for [Groza], an address in a tower block in Dubai, and for [Naumenko] an apartment in Odesa. It is unclear, in practice, however, whether the [Respondents] actually reside there, and [Madison] has not been able to confirm whether that is the case. For example;
>
> (a) neither [Respondent] included these properties in their asset disclosure and they are not mentioned in the [Respondents'] notice of change . . . (which only provides their email addresses, besides the required English address for service, for Fortior) nor even in their earlier defective notice of change . . . (which gave a Ukrainian address for Naumenko);
> (b) the remote access order . . . by which the [Respondents] were permitted to attend the 5 and 6 February 2024 hearing via remote link identified [Groza's] (then) location as "Nice, France";
> (c) the IP address from which [Groza] emailed my firm on 31 May 2024 is "93.109.66.78". . . , which basic internet searches indicate is from a Cyprus-based address. . . .

(ECF 14-3 at 17-18; internal record citations omitted.)  Counsel for Madison transmitted the contempt application to Respondents by emailing the application to the email addresses and delivery to the address of Fortior S.A. in London, all as listed in the change-in-representation form. (ECF 14-4 at 3.)  Counsel states that thereafter he received correspondence from Fortior Law (UK) LLP and from Geoza relating to Madison's application thus implicitly confirming receipt to the application. (Id. at 6-7.)

This Court is not bound by any finding of fact or conclusion of law made by the High Court regarding the adequacy of notice to Respondents under the laws of England and Wales. The Court, however, does note that in response to the transmittal of the contempt application by Madison's counsel via the Fortier S.A. address and the two email addresses, Respondents filed jurisdictional objections to the contempt application.  (ECF 14-4 at 2; ECF 14-5 at 3.) [1]

DISCUSSION

Rule 4(f) governs service of process on individuals located in a foreign country. Rule 4(f)(1) permits service through "any internationally agreed means of service that is reasonably calculated to give notice," such as the Hague Convention.  Rule 4(f)(2) permits service through other specified means, such as letters rogatory or the procedures prescribed by the foreign country's courts of general jurisdiction.  Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders."

"Generally, there is no hierarchy among the subsections in Rule 4(f)."  Advanced Aerofoil Techs., AG v. Todaro, 2012 WL 299959, at *1 (S.D.N.Y. Jan. 31, 2012) (Carter, J.); see also Swarna v. Al-Awadi, 2007 WL 2815605, at *1 (S.D.N.Y. Sept. 20, 2007) ("There is nothing in the text of the rule which contains a hierarchy of service methods as between Rule 4(f)(2) and Rule 4(f)(3).").  "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an

---

[1] The High Court found that "[i]t is apparent that the [Respondents] took legal advice in relation to the Contempt Application (and which they were therefore clearly aware of), because a matter of days thereafter on 1 July 2024, Fortior Law UK LLP . . . wrote to the Court noting that it had been instructed to act for the [Respondents] albeit ". . . solely for the purposes of challenging the Court's jurisdiction . . . ." (ECF 14-5 at 3).  The High Court further observed that "what is clear is that the [Respondents] have never indicated that they can and will be found in person at a particular (practically accessible) place at any particular time and date so that the formality of personal service could be effected."  (Id. at 24.)

international defendant." <u>KPN B.V. v. Corcyra D.O.O.</u>, 2009 WL 690119, at *1 (S.D.N.Y. Mar.

16, 2009) (Koeltl, J.) (quotation marks omitted).

"Rule 4(f)(3) permits a court to authorize a means of service on a foreign

defendant so long as that means of service is not prohibited by international agreement and

comports with constitutional notions of due process." <u>Devi v. Rajapaska</u>, 2012 WL 309605, at

*1 (S.D.N.Y. Jan. 31, 2012) (Buchwald, J.).  Where the location of an individual is likely to be

found in a foreign country but his address is unknown, the Hague Convention does not apply.

<u>S.E.C. v. Shehyn</u>, 2008 WL 6150322, at *2 (S.D.N.Y. Nov. 26, 2008) (Preska, J.) (citing <u>BP</u>

<u>Prods. North America, Inc. v. Dagra</u>, 236 F.R.D. 270, 271 (E.D. Va. 2006)).

Due process is satisfied when the method of service is "reasonably calculated,

under all the circumstances, to apprise interested parties of the pendency of the action and afford

them an opportunity to present their objections."  <u>Luessenhop v. Clinton County</u>, 466 F.3d 259,

269 (2d Cir. 2006)(quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314

(1950). "Service by email comports with due process where a plaintiff demonstrates that the

email is likely to reach the defendant and when the movant supplies the Court with some facts

indicating that the person to be served would be likely to receive the summons and complaint at

the given email address." <u>Safran Elecs. & Def. SAS v. Exail SAS</u>, 2025 WL 327921, at *5

(S.D.N.Y. Jan. 29, 2025) (Oetken, J.) (quotation marks omitted).

In deciding whether to exercise their discretion to permit alternative service under

Rule 4(f)(3), some courts have looked to whether there has been "(1) a showing that the plaintiff

has reasonably attempted to effectuate service on the defendant, and (2) a showing that the

circumstances are such that the court's intervention is necessary." <u>Devi</u>, 2012 WL 309605, at

*1.  However, those considerations guide the exercise of discretion, and are not akin to an

exhaustion requirement.  See <u>Washington State Inv. Bd. v. Odebrecht S.A.</u>, 2018 WL 6253877,

at *6 (S.D.N.Y. Sept. 21, 2018) (Gardephe, J.); <u>accord</u> <u>United States v. Besneli</u>, 2015 WL

4755533, at *1 (S.D.N.Y. Aug. 12, 2015) ("Exhaustion of the other provisions of Rule 4(f) is not

required before a plaintiff seeks court-ordered service.") (Keenan, J.); <u>S.E.C. v. Anticevic</u>, 2009

WL 361739, at *3 (S.D.N.Y. Feb. 13, 2009) ("A plaintiff is not required to attempt service

through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule

4(f)(3).") (Wood, J.).

The Court concludes that Madison has demonstrated that the Court's intervention

is necessary.  It has demonstrated that the physical whereabouts of Respondents – indeed, the

country or countries in which they are situated – are not known and cannot be learned with the

exercise of reasonable diligence.  Madison thoroughly explored alternative avenues for service of

process in the context of the High Court Proceedings and need not do anything further to justify

the relief it now seeks from this Court.

The Court further concludes that transmittal of the Summons, Petition for

Confirmation, Recognition and Enforcement of Arbitral Award, together with the submissions in

support thereof to each Respondent through the email addresses set forth in the Notice of Change

of Legal Representative dated October 15, 2024 (ECF 14-2) is reasonably calculated to inform

Respondents of this action and afford them the opportunity to respond.  On these facts, such

transmittal satisfies due process of law and may be ordered under Rule 4(f)(3).  The Court will

also direct that the above-described documents be delivered in person or by overnight courier to

Sergiy Groza and Volodymyr Naumenko (1) c/o Fortior S.A. listed on the Notice of Change of

Legal Representative; [2]    (2) c/o Fortior S.A. at Chancery House, 53-64 Chancery Lane, London;

and (3) c/o Fortior S.A. at Cours de Rive 4, 1204, Geneva, Switzerland.

Madison's ex parte application for an Order directing an alternative means of

service of process is GRANTED; service may be effectuated in the manner described above.

The Clerk shall terminate the motion at ECF 13.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      April 10, 2025

---

[2] According to the affidavit of Madison's counsel, the Fortior S.A. address listed in the change-in-representation form is likely "a mail forwarding address operated by a third party." (ECF 14-3 at 18). For this reason, the Court is ordering the redundant transmittals to Fortier S.A.