

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

> The June 10, 2025 conference is vacated.  The Court will proceed to adjudicate the petition on the existing record.
> SO ORDERED.
> 6/3/2025
>
> _P. Kevin Castel_
> P. Kevin Castel
> United States District Judge

June 3, 2025

Via ECF

Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
Courtroom 11D
500 Pearl St.
New York, NY 10007-1312

Re: *Madison Pacific Trust Limited v. Groza, et al.*, Case No. 1:25-cv-00642-PKC (SDNY)

Dear Judge Castel:

I represent Petitioner Madison Pacific Trust Limited ("Madison Pacific") in the above captioned case. I write regarding the Initial Pretrial Conference ("Conference") scheduled for June 10, 2025 and the Case Management Plan and joint letter to the Court to be submitted prior to the Conference (ECF Nos. 7, 9).  Madison Pacific respectfully requests adjournment of the Conference currently scheduled for June 10, 2025, as well as the accompanying Case Management Plan and joint letter to the Court. Madison Pacific previously requested an adjournment of this Case Management Conference before the Respondents were served, which the Court granted (ECF Nos. 8, 9).

The Respondents Sergiy Groza and Volodymyr Naumenko (together, the "Respondents"),[1] have failed to make an appearance in this action.  Madison Pacific served Respondents with a copy of the Petition to Confirm (ECF No. 1); Civil Cover Sheet (ECF No. 2); Corporate Disclosure Statement (ECF No. 3); Declaration in Support of the Petition to Confirm, with the accompanying exhibits (ECF No. 4); and the Summons in a Civil Action (ECF No. 6) (the "Petition to Confirm and Supporting Documents") on April 16, 2025 (ECF No. 17), pursuant to the Court's Opinion and Order (ECF No. 15).[2]  Respondents did not file a response to the Petition to Confirm by May 7, 2025, 21 days after service.  On May 14, 2025, Madison Pacific wrote to the Court to respectfully request that the Court grant Madison Pacific's unopposed Petition to Confirm the Final Award, including the Addendum to the Final Award (ECF Nos. 18, 18-2, 19).

As Respondents have not responded to the Petition to Confirm and not made an appearance in this action, Madison Pacific respectfully submits that a Case Management Plan is not necessary.  As Madison Pacific explained in its previous letter to the Court requesting adjournment of the Initial Pretrial Conference (ECF No. 8), traditional case management matters, such as electing whether to have a jury trial or exchanging initial disclosures, are not applicable to this action as a Petition to Confirm is heard as a motion in a summary proceeding pursuant to 9 U.S.C. § 6.  Further, as the Respondents have not made an appearance, there will be no discovery or additional motions or applications.  For

---

1    As Respondents have failed to make an appearance in this action, their consent has not been obtained for this request for adjournment of the Conference.
2    The Petition to Confirm and Supporting Documents were served on Respondents by email and also hand-delivered to Fortior Law S.A.'s London addresses on April 16, 2025. (ECF No. 17 at ¶¶ 2-4). The Petition to Confirm and Supporting Documents were mailed to Fortior Law S.A.'s Geneva, Switzerland address on April 16, 2025 and arrived on April 22, 2025. (ECF No. 17 ¶ 5).

Hogan Lovells US LLP is a limited liability partnership registered in the state of Delaware.  "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in:  Alicante  Amsterdam  Baltimore  Beijing  Berlin  Birmingham  Boston  Brussels  Colorado Springs  Denver  Dubai  Dublin  Dusseldorf  Frankfurt  Hamburg  Hanoi  Ho Chi Minh City  Hong Kong  Houston  London  Los Angeles  Luxembourg  Madrid  Mexico City  Miami  Milan  Minneapolis  Monterrey  Munich  New York  Northern Virginia  Paris  Philadelphia  Riyadh  Rome  San Francisco  São Paulo  Shanghai  Silicon Valley  Singapore  Tokyo  Washington, D.C.  For more information see www.hoganlovells.com.

the same reason, Madison Pacific is unable to confer with the Respondents on a Case Management Plan.

Given that Respondents have failed to make an appearance in this case, and that traditional topics to be agreed upon in a Case Management Plan are not applicable to an action under the Federal Arbitration Act, Madison Pacific respectfully requests adjournment of the Conference currently scheduled for June 10, 2025 and the accompanying Case Management Plan and joint letter to the Court.

Respectfully submitted,

Samuel L. Zimmerman
samuel.zimmerman@hoganlovells.com