UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MADISON PACIFIC TRUST LIMITED,

                    Petitioner,                        25-cv-642 (PKC)

        -against-                              ORDER

SERGIY GROZA and VOLODYMYR
NAUMENKO,

                    Respondents.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

       Petitioner Madison Pacific Trust Corporation ("Madison Pacific") has filed a petition for the confirmation, recognition and enforcement of an arbitral award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), as implemented at 9 U.S.C. §§ 201-208. (ECF 1.)

       Respondents Sergiy Groza and Volodymyr Naumenko have not appeared in this proceeding or responded to the petition. When a petition to confirm an arbitration award is unopposed, "the petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006). The reviewing court must examine the moving party's submissions to determine whether it has met its burden sufficient to entitle it to judgment as a matter of law. Id. at 110.

       The Court will direct Madison Pacific to supplement the record in order to demonstrate that respondents Groza and Naumenko are subject to personal jurisdiction in the United States consistent with Rule 4(k)(2), Fed. R. Civ. P., and the Fifth Amendment's guarantee of due process.

A federal court may confirm an arbitration award under the New York Convention if it has either personal jurisdiction or quasi in rem jurisdiction. Frontera Resources Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393, 396 (2d Cir. 2009). "Some basis must be shown, whether arising from the respondent's residence, his conduct, his consent, the location of his property or otherwise, to justify his being subject to the court's power. Because of the primacy of jurisdiction, jurisdictional questions ordinarily must precede merits determinations in dispositional order." Id. at 397 (quotation marks and internal citation omitted).

The Petition asserts that Groza "reside[s]" in Dubai, UAE and that Naumenko "reside[s]" in Odesa, Ukraine. (Pet. ¶¶ 2-3.) Madison Pacific is a Hong Kong corporation with a "registered office" in Hong Kong. (Pet. ¶ 1.) The underlying arbitration centered on Madison Pacific's role as the facility agent and international security trustee of a credit facility that involved respondents' business of shipping grain from Ukraine. (See Petition ¶¶ 9-5; Final Award (ECF 18-2).) The arbitration took place in London pursuant to the Rules of the London Court of International Arbitration. (Final Award. ¶ 34.)

The Petition asserts that the Court has personal jurisdiction over Gorza and Naumenko pursuant to Rule 4(k)(2), Fed. R. Civ. P. (Pet. ¶ 5.) Rule 4(k)(2) states:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

"Rule 4(k)(2) was specifically designed to correct a gap in the enforcement of federal law in international cases." Porina v. Marward Shipping Co., 521 F.3d 122, 126 (2d Cir. 2008)

(quotation marks and brackets omitted).  It "allows the exercise of personal jurisdiction by a federal district court when three requirements are met: (1) the claim must arise under federal law; (2) the defendant must not be 'subject to jurisdiction in any state's courts of general jurisdiction'; and (3) the exercise of jurisdiction must be 'consistent with the United States Constitution and laws.'"  Id. (quoting Rule 4(k)(2)).

"In assessing whether the exercise of jurisdiction would be consistent with the Constitution, the relevant inquiry is whether jurisdiction comports with due process.  The Rule 4(k)(2) jurisdictional analysis mirrors that of the standard personal jurisdiction analysis, except in one critical respect:  The due process analysis for Rule 4(k)(2) jurisdiction hinges on whether the non-resident has sufficient minimum contacts with the United States as a whole instead of with the specific forum state."  George Moundreas & Co SA v. Jinhai Intelligent Mfg. Co Ltd, 2021 WL 168930, at *11 (S.D.N.Y. Jan. 18, 2021) (Caproni, J.) (internal citation omitted).  Due process can be demonstrated through a showing of either general or specific jurisdiction.  Id. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).

The Petition does not seem to invoke specific personal jurisdiction over Groza and Naumenko, and instead seems to assert that the United States has general personal jurisdiction over them because they receive funding from a limited liability company based in the United States and regularly transact in United States dollars.  The relevant allegation asserts:

> On information and belief, Respondents are not subject to jurisdiction in any state's courts of general jurisdiction.  Exercising personal jurisdiction is consistent with the United States Constitution and laws as Respondents have minimum national contacts with the United States.  The Respondents have minimum contacts with the United States because, among other reasons, they have funded their legal fees (in various jurisdictions) and living expenses since the Arbitration was issued, with money said to have

been provided by a United States company, Vivacity MK LCC.  In addition, Respondents and/or companies they control and direct engage in transactions involving U.S. dollars, evidencing connections with United States bank accounts or other financial institutions and potentially more United States entities.

(Pet. ¶ 5.)

The Court has been unable to locate any other reference in the record to Vivacity MK LLC.  Further, it is not apparent how receiving funds from a United States entity or transacting in United States dollars makes respondents susceptible to general personal jurisdiction consistent with the guarantees of due process and the language of Rule 4(k)(2).  See generally Yih v. Taiwan Semiconductor Mfg. Co., 815 F. App'x 571, 573 (2d Cir. 2020) (company's listing on the New York Stock Exchange was insufficient to subject it to general personal jurisdiction in New York) (summary order); Cordice v. LIAT Airlines, 2015 WL 5579868, at *5-6 (E.D.N.Y. Sept. 22, 2015) (airline company's use of United States bank accounts and air routes in the United States did not subject it to general personal jurisdiction in United States).

No later than December 19, 2025, Madison Pacific shall supplement its filings to set forth any authority and evidence supporting the proposition that respondents Sergiy Groza and Volodymyr Naumenko are subject to personal jurisdiction in the United States, consistent with Rule 4(k)(2) and the Fifth Amendment's guarantee of due process.  Any failure to do so will result in the dismissal of the petition without further notice.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       November 25, 2025

- 4 -