UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MADISON PACIFIC TRUST LTD.,

                        Petitioner,

                                               25-cv-642 (PKC)

    -against-


                                               <u>ORDER</u>


SERGLY GROZA and VOLODYMYR
NAUMENKO,

                        Respondents.
-----------------------------------------------------------x

CASTEL, District Judge:

        Petitioner Madison Pacific Trust Ltd. ("Madison") seeks to recognize and enforce a final arbitration award (the "Final Award") against respondents Sergly Groza and Volodymyr Naumenko.  The Final Award was issued by a three-person arbitration tribunal appointed under the rules of the London Court of International Arbitration ("LCIA").  Madison's petition invokes the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "NY Convention"), 21 U.S.T. 2157, and its implementing legislation, 9 U.S.C. § 201, <u>et</u> <u>seq</u>.

        On Madison's motion, this Court issued an Opinion and Order authorizing the service of process on respondents by alternative means.  (ECF 15.)  Respondents were then served in accordance with the alternate means authorized by the Court.  (ECF 17.)  Their time to respond to the petition expired on May 7, 2025, and they have made no subsequent application to this Court.

The Second Circuit has held that "default judgments in confirmation . . . proceedings are generally inappropriate," and the Court must review the pleading and accompanying record in accordance with the standard for granting summary judgment.  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).  A petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions."  Id. at 109.  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . ."  Id. at 110 (quotation marks and citation omitted).

DISCUSSION

A final award will be recognized and enforced under the NY Convention provided the party seeking recognition and enforcement supplies the Court with duly certified copies of the final award and the underlying arbitration agreement, together with certified translations, if needed.  Article IV, NY Convention.  Madison has met its burden of doing so.  A party seeking to oppose enforcement must raise and prove one of the five defenses enumerated in Article V(1) of the NY Convention.  As noted, respondents have failed to respond in any manner to the petition.

In addition to the five enumerated defenses, under Article V(1) of the NY Convention the Court may also refuse to enforce a final award if it violates "public policy" or the subject matter is not capable of resolution by means of arbitration in the place where enforcement is sought.  Article V(2), NY Convention.

Madison, a provider of trustee services, entered into a suretyship agreement or deed with each of the respondents in which they agreed to stand as surety for the obligations of GNT Enterprises Limited ("GNT") under a Facility Agreement with ACP I Trading LLC and

2

Pathfinder Strategic Credit LLC.  (Pet. ¶ 11 (ECF 1).)  The Facility Agreement provided for a credit facility of $75 million.  (Pet. ¶ 11.)

In the Amended Suretyship Deeds between Madison and respondents, the respondents guaranteed the obligations of GNT, the obligor under the Facility Agreement. (Amended Suretyship Deeds at § 2.1 (ECF 4-2).)  After GNT breached its payment obligations under the Facility Agreement, Madison sent notice to each respondent demanding immediate payment of the outstanding amounts under the Facility Agreement, totaling $116,414,437.71. (Pet. 16; Final Award at 27, 31 (ECF 4-1).)

The Amended Surety Deeds contained an arbitration clause that encompassed a dispute over a breach by respondents of their surety obligations:

> Any dispute, controversy or claim arising out of or relating to (1) this Deed, (2) the breach, termination or invalidity thereof, or (3) any non-contractual obligations arising out of or in connection with this Deed (a "Dispute"), shall be settled by arbitration in accordance with the LCIA Rules in force at the date of this Deed (the "Rules") which are incorporated by reference herein.

 (Amended Suretyship Deeds at § 8.8(a).)

A request for arbitration was made under the LCIA rules on January 16, 2023. (Final Award ¶ 73.)  The respondents filed a "Statement of Defence and Counterclaim" in the arbitration.  (Final Award ¶ 42.)  In the subsequent course of the arbitration proceeding, the parities exchanged witness statements and a hearing on the merits was held on June 10-11, 2024. (Final Award ¶ 77.)  Witnesses were called by Madison, subject to cross-examination.  (Final Award ¶¶ 78, 107.)  Respondents did not call any witnesses.  (Final Award ¶ 79.)  The hearing was concluded on August 5, 2024.  (Final Award ¶ 85.)

Respondents made challenges to the arbitration tribunal asserting that its members were biased and the challenges were denied by an officer of the LCIA.  (Final Award ¶¶ 96-98.)

3

On January 6, 2025, the arbitration tribunal issued its 94-page well-reasoned Final Award.  (ECF 4-1.)  Its conclusion and award was as follows:

(1)  ADJUDGE and DECLARE that each Respondent is liable to pay to the Claimant:
(a) principal and interest due under the Amended Facility Agreement as at 13 January 2023, being USD 116,414,437.71; and
(b) accrued interest pursuant to Clause 5.1 of the Amended Suretyship Deeds in the sum of USD 32,980,540.62 as at 5 June 2024 but continuing to accrue until payment in full of the said principal and interest;
(2)  ORDER that each Respondent is to pay the Claimant the sums set out in subparagraph (1) above as debt due under, alternatively as damages for breach of, the Amended Suretyship Deeds;
(3)  ORDER that the Respondents are to pay the Claimant, pursuant to Article 28.2 of the LCIA Rules, GBP 257,948.60 in respect Arbitration Costs and Arbitration Costs of the First Challenge;
(4)  ORDER that the Respondents are to pay the Claimant all of its Legal Costs (as defined in the LCIA Rules) in the total sum of GBP 2,928,584.83, made up of:
(a) Hogan Lovells'[1] fees and disbursements of GBP 2,512,696.23; and
(b) Counsel fees of GBP 415,888.60. on Costs of the First Challenge;
(5)  ORDER that the Respondents are to pay the Claimant:
(a) pre-award interest on the said Arbitration Costs at the prevailing Bank of England base rate plus 2% per annum from the date of each payment of such sums until the date of this award;
(b) pre-award interest on the said Hogan Lovells' fees and Counsel fees and the said travel expenses at the prevailing Bank of England base rate plus 2% per annum from the date of each invoice until the date of this award;and
(c) post-award interest on the same Arbitration Costs and Legal Costs at 8% per annum accruing daily from the date of this award until payment in full to the Claimant of those sums.
(6) ORDER that all other claims and counterclaims are dismissed.

(Final Award ¶ 231.)

This petition to confirm the Final Award was timely commenced on January 22, 2025, within three years of the Final Award.  9 U.S.C. § 207.  Here, respondents have been properly served by means approved by this Court.  Madison alleges that "[o]n information and belief, Respondents are not subject to jurisdiction in any state's courts of general jurisdiction. Exercising personal jurisdiction is consistent with the United States Constitution and laws as

---

[1] Counsel to Madison.

4

Respondents have minimum national contacts with the United States." (Petition ¶ 5.)  In the context of this unopposed petition to confirm an arbitral award, the Court need not decide whether defendants could have raised a valid defense related to the exercise of personal jurisdiction over them, and it makes no finding here.  See, e.g., Sifandros Carrier Ltd. v. LMJ Int'l Ltd., 2010 WL 165989, at *2 (S.D.N.Y. Jan. 15, 2010); JDH Unlimited Inc. v. APKZ Med. Inc., 808 F. Supp. 3d 547, 568 (E.D.N.Y. 2025).

The Court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."  9 U.S.C. § 207.  None of the five enumerated defenses under Article V(1) of the NY Convention have been asserted by the defaulting respondents.  The Final Award violates no "public policy" of the forum and the subject matter is not capable of resolution by means of arbitration.  Id. at Article V(2).

Accordingly, the Final Award is confirmed, recognized and enforced.  Within 21 days, petitioner shall submit to this Court a proposed Final Judgment consistent with the foregoing.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 2, 2026

5